UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KIA JACKSON | CIVIL ACTION |
| VERSUS | NO. 18-934-JWD-EWD |
| UNIVERITY HOUSE BATON ROUGE, LLC AND CITY OF BATON ROUGE | |

# NOTICE AND ORDER

Before the Court is an Amended Complaint for Negligent Infliction of Emotional Distress ("Amended Complaint") filed by Plaintiff Kia Jackson ("Plaintiff") against Defendants University House of Baton Rouge, LLC ("University House") and the City of Baton Rouge (the "City").[1]

The Amended Complaint fails to comply with the Court's October 24, 2018 Order.[2] Plaintiff failed to file a motion to substitute her proposed amended complaint, failed to properly plead the citizenship of defendant limited liability company University House of Baton Rouge, LLC, and failed to properly plead her own citizenship.[3] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v.*

---

[1] R. Doc. 6.
[2] R. Doc. 5.
[3] Plaintiff's original Complaint properly pled her domicile. *See* R. Doc. 1, ¶ 3. However, Plaintiff's Amended Complaint alleges Plaintiff's residency, which is insufficient to establish domicile. *See* discussion, *infra*.

*Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Furthermore, with regard to Plaintiff's own citizenship, Plaintiff is required to plead her domicile. The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)). Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the date of this Order to file a motion to substitute her Complaint with a proposed pleading that is a comprehensive amended complaint (*i.e.*, that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative complaint in this matter without reference to any other document in the record. Plaintiff's failure to comply with this Order could result in dismissal of her Complaint for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve notice of this Notice and Order on Plaintiff Kia Jackson at the address on the docket via certified mail, return receipt requested.

**Failure to appear, or provide the requested information, as ordered may result in dismissal of plaintiff's claims against defendants without further notice.**

Signed in Baton Rouge, Louisiana, on January 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**